UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASO, LLC, SHERWANI,<br><br>     Plaintiffs,<br><br>  v.<br><br>BEN JAMIL,<br><br>     Defendant. | No. 26-CV-1966 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

ASO LLC and Afan Sherwani ("Plaintiffs") brought a New York law breach of contract claim against HSS Development Group Ltd. and Cyber Communications Control Group Inc. ("Defendants") in New York Supreme Court, Westchester County on July 26, 2023.[1] (Pls.' Mot. to Remand ("Pls.' Mem.") (Dkt. No. 9-1).) Nonparty Ben Jamil ("Jamil") first removed the case on November 18, 2025, after Plaintiffs moved to hold him in contempt in state court. *ASO, LLC v. Jamil*, No. 25-CV-09770 (S.D.N.Y. Nov. 18, 2025). The case was assigned to Judge Román, who remanded after concluding Jamil could not remove the contempt proceedings as a nonparty. *ASO, LLC v. Jamil*, No. 25-CV-09770, 2026 WL 483190, at *2–3 (S.D.N.Y. Feb. 20, 2026). Jamil appealed. *ASO, LLC v. Jamil*, No. 25-CV-09770 (S.D.N.Y. Feb. 23, 2026). Jamil then removed the same case again on March 10, 2026, after the state court scheduled a contempt hearing; this time, presumably to evade reassignment to Judge Román, Jamil selected venue in Manhattan after having previously chosen White Plains, and represented he had not filed a similar case before. (*See* Notice of Removal ("Notice") (Dkt. No. 1); Pls.' Mem. 4; *id.* Ex. 2.)

---

[1] On the docket, Plaintiffs are listed collectively as one entity, "ASO, LLC, Sherwani," and Jamil is listed as a defendant.

The case was assigned to this Court on March 11, 2026. (*See* Dkt. (notice of case reassignment dated Mar. 11, 2026).) Plaintiffs moved to remand on March 12, 2026. (Mot. to Remand to State Court (Dkt. No. 9).) Jamil answered on March 25, 2026. (Letter Mot. in Resp. ("Resp.") (Dkt. No. 10).) Plaintiffs replied on April 1, 2016. (Reply Mem. ("Reply") (Dkt. No. 11).)

Jamil invoked this Court's federal question jurisdiction and civil rights removal to remove this case. 28 U.S.C. §§ 1331, 1443. (*See* Notice 4.) Ordinarily, defendants have thirty days from the receipt of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(1). Otherwise, defendants have thirty days from the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" to remove. 28 U.S.C. § 1446(b)(3).

Remand is required here for two independent reasons. First, as Judge Román carefully explained, Jamil may not remove the case in his posture. *See ASO, LLC*, 2026 WL 483190, at *2. Jamil is a nonparty in the state court case and is seeking to remove the contempt proceeding. *Id.* (*See* Notice 2.) But the removal statute does not allow him to do so: it allows only the "defendant or the defendants" to remove an "action." 28 U.S.C. § 1441; *see also id.* § 1443 (also limiting removal to "actions" and "by the defendant"). Because a "non-party contempt motion is merely auxiliary to the original proceeding in [state court], it may not be removed as a separate civil action under [28 U.S.C.] § 1441." *Abeles v. Wolk*, No. 22-CV-1244, 2022 WL 1555906, at *2 (S.D.N.Y. May 16, 2022) (quotation marks and citations omitted); *see also Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005) ("A non-party has no authority to seek removal under the removal statutes.").

Second, Jamil points to no "other paper" making the case removable. Taken charitably, he argues removal is proper because there has been some new development since the last remand

order, either because a contempt hearing has been scheduled or because he has filed a different federal suit against Plaintiffs.  (*See* Notice 3–6; Pls.' Mem. 4.)  But Judge Román discussed the contempt proceedings in finding he lacked federal jurisdiction, concluding the contempt motion was not "in bad faith, retaliatory, [or] . . . malicious prosecution" because Jamil had "allegedly releas[ed] copies of . . . deposition transcripts from the state action to a third party, in violation of the [state court]'s Confidentiality Orders."  *ASO, LLC*, 2026 WL 483190, at *2.  Nor is there reason to revisit Judge Román's decision simply because the contempt proceedings have been scheduled for a hearing. (*See* Pls.' Mem. 2).  That did not create federal jurisdiction where none lied before, even if the Court agreed with Jamil that the contempt proceeding somehow "implicat[ed his] federal constitutional rights."  (Notice 5.)  *See Citibank, N.A. v. Swiatowski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) ("[A] state court's purported violation of a party's federal due process rights cannot serve as a basis for removing the state proceeding to federal court."); *Newman & Cahn, LLP*, 388 F. Supp. 2d at 118 (same).   And that Jamil filed a *different* case in federal court, (*see* Notice 3), does not make *this* one removable.  Otherwise, any litigant frustrated by a remand order could manufacture federal jurisdiction by filing an overlapping federal case.  *See Connecticut v. McGraw Hill Cos., Inc.*, No. 13-CV-311, 2013 WL 1759864, at *4 (D. Conn. Apr. 24, 2013) (holding separate lawsuits did "not qualify as [an] 'other paper' sufficient to trigger the delayed-removal provision under [28 U.S.C. §] 1446(b)").

Defendant is advised that continuing to baselessly remove this same case to federal court may expose him to sanctions under Fed. R. Civ. P. 11, which "applies to both attorneys and pro se litigants in guarding against frivolous [or] vexatious" filings.  *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (citation omitted); *see also Ohio v. Horton*, No. 24-CV-417, 2024 WL 4803871, at *1 (S.D. Ohio Nov. 15, 2024) (enjoining defendant from filing additional

3

notices of removal without certification by attorney that notices were non-frivolous, where court previously "admonished [defendant] that th[e] Court may impose sanctions if he attempts to improperly remove [an] action to federal court"); *Buczek v. Giglio*, No. 16-CV-847S, 2017 WL 2080277, at *3 (W.D.N.Y. May 15, 2017) ("warn[ing]" the defendants "that further frivolous removals . . . may result in the imposition of sanctions"); *Citibank, N.A. v. Williams*, No. 15-CV-01655, 2015 WL 4641610, at *2 (D. Colo. Aug. 5, 2015) ("instructing" defendants "that if they continue to remove the [same] state court . . . [a]ction to this [c]ourt without grounds or jurisdictional basis for removal, the [c]ourt will subject them to sanctions, including monetary sanctions and injunctions from filing vexatious and repetitive pleadings"). Further efforts to judge-shop may yield the same result. *See Meiselman v. Byrom*, 207 F. Supp. 2d 40, 44 (E.D.N.Y. 2002) (describing "attempt[s] to judge-shop" as an "impermissible practice."). Sanctions may include the costs Plaintiffs incur in responding to vexatious conduct, (*see* Pls.' Mem. 7–8), but the Court concludes they are unwarranted at this stage since Jamil is *pro se* and has not been previously warned by the Court, *see Boggs v. Die Fliedermaus, LLP*, 286 F. Supp. 2d 291, 302 (S.D.N.Y. 2003) ("Because Cerrone is a pro se litigant, the imposition of sanctions for conduct about which he had not been explicitly warned is improper.").

Accordingly, Plaintiffs' Motion to Remand is granted. Jamil's Motion to Stay and Motion to Disqualify Plaintiffs' Counsel are denied as moot. The Clerk of Court is respectfully directed to close the pending motions, remand this Action, and close this case (Dkt. Nos. 9, 10). SO ORDERED.

DATED:      April 10, 2026
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4